CASE 10—LIQUIDATION OF INSOLVENT CORPORATION—Oct. 3.

## Gunther & Bro., Etc. v. Baskett Coal Co., Etc.

APPEAL FROM HENDERSON CIRCUIT COURT.

CORPORATIONS—PERSONAL LIABILITY OF DIRECTORS.—Directors of a corporation who create an indebtedness in excess of the charter limit commit a fraud for which they are personally liable to any one directly injured thereby; and the creditors of the corporation whose debts were created in ignorance on their part

that the charter limit had been passed are entitled to be paid in full before any indebtedness to the directors is paid, and they are further entitled to personal judgment against the directors.

S. B. AND R. D. VANCE FOR APPELLANTS.

1. Where a cause of action is alleged against a defendant, joined with other defendants, who does not defend same, and no defense' is made for him by any one else, judgment should be rendered against him by default.
2. Where directors of a corporation created and organized under chapter 56 of the General Statutes knowingly incur an indebtedness in excess of the limit prescribed by the articles of incorporation, they are guilty of an intentional fraud within the meaning of section 9 of chapter 56 of the General Statutes; and if a creditor, whose debt was created with the knowledge on the part of the directors that the indebtedness had already reached the limit prescribed, fails to make his debt out of the corporate property, the directors are personally liable therefor. And it is no protection to the directors that they believed that the debt would be paid.
   Citations: Genl. Stats., ch. 56, sec. 9; Stafford v. Cain, 13 Ky. Law Rep., 639; Cornwall, &c., v. Eastham, 2 Bush, 561.

YEAMAN & YEAMAN FOR APPELLEES, JOHN BASKETT, LEE BASKETT AND R. S. EASTIN.

The directors of the Baskett Coal Company are not personally liable for the company's debts in excess of the charter limitation. Morawetz on Private Corporations (2d ed.), secs. 906, 908; Beach's Private Corps., sec. 258; Thompson's Com. Law Corps., sec. 4259; Providence Steam Engine Co. v. Hubbard, 101 U. S., 183; Genl. Stats., ch. 56, sec. 9; Stafford v. Cain, 13 Ky. Law Rep., 639; Genl. Stat., secs. 548, 549, 550.

SAME COUNSEL FOR APPELLEES IN A PETITION FOR A REHEARING.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The Baskett Coal Company was organized in February, 1891, under chapter 56  of the General Statutes.  The corporators were C. L. Nall, Ben T. Kinsey, C. E. Rarick and Emery Berry.  The articles of incorporation provided for a capital stock of $17,500, and an indebtedness not exceeding two-thirds of the capital stock at any one time.

During the first year, and on February 13, 1892, the debts of the company amounted to the sum of $26,379.16. At the annual election, February 25, 1892, Nall, John Baskett, Lee Baskett, Eastin Rarick, Cinnamon, and Kinsey were elected directors. The first year the four corporators were all directors. In 1894 F. T. Gunther and W. E. Bennett became directors in lieu of Kinsey and Rarick. On February 2, 1894, the corporation made a general deed of assignment to Ben T. Kinsey for the benefit of all its creditors. The assignee brought an action to settle up the assigned estate. In that action, by the report of claims' allowed, it appears the indebtedness had increased to $29,366.34, the amount of $6,000 of this sum being a debt due appellee John Barrett and debts due Nall for something over $1,000; another due the Planters' State Bank of Henderson for $9,049.50, and on this note the individual directors are sureties.

The appellants here are creditors of the corporation, and their debts were created during the year 1893. The sum total of the debts of appellants amounts to about $2,250.

By answer and cross petitions filed in the settlement suit, these appellants alleged that they were creditors of the corporation, and that the appellees were creditors also of said corporation—some by reason of loans made to the company, and all by reason of suretyship on the Planters' Bank debt; and that the appellees, as directors, had permitted the corporation to contract debts in excess of the limit fixed by the articles of incorporation, and that thereby a fraud was practiced on the general creditors; and they prayed the judgment of the court that the appellees be postponed in the distribution of the assets of the corporation till after ap-

pellants had been paid in full and that they be compelled to pay the debt due the Planters' Bank, or so much as may be necessary in order that appellants' debts may be paid in full from the assets of the corporation. The appellants Davis and Drake and Sandefur asked personal judgment against appellees. Nall, Rarick, and Cinnamon made no defense. But John Baskett, Sr., Lee Baskett, and Eastin made defense, and claimed that the excessive indebtedness was created before they were directors, or owned stock in the corporation, and that, if the corporation had in fact been in debt only the two-thirds of its capital stock on February 2, 1894, still the assignment would have been necessary.

The court upon trial of this issue upon proof dismissed the petitions of appellants, and refused the relief sought therein, allowing their claims as general creditors of the corporation only, and from that part dismissing their cross petition this appeal is prosecuted. However, the Planters' Bank is not made party appellee.

We are of opinion that it is clearly shown by the proof that the indebtedness far exceeded the limit of indebtedness as fixed by the articles of incorporation, and evidently exceeded the assets of the corporation. It is equally clear that the indebtedness increased from $26,379, in 1892, to $29,366, in February, 1894. In fact, since the very first year of its existence, it does not appear that the indebtedness was ever inside the limit. The debts of these appellants were a part of the increased debts from 1892 to 1894, and when created, as is shown by the proof, the appellants had no knowledge or information as to the financial condition of the coal company nor of the amount of its indebtedness.

The appellees, being directors, creditors themselves of the company, and indorsers for it, are conclusively presumed to have known of the financial condition of the corporation, and are presumed to have known that the limit of the corporation's liability had been exceeded when appellants' debts were created, as well as when their own debts were created, and when they became personally liable for the bank debt.

We are of opinion that in contracting debts beyond the limit fixed by the charter of the company the appellees, directors, committed, in law, a fraud on such creditors as were without notice of the financial condition of the company. We would not impute bad motives to the appellees. That they really believed the company would be able to meet its debts in full, we have no doubt.

The company did not meet this expectation of appellees, and in this contest between creditors of the company we are of opinion that the appellees, who are creditors of the corporation, should not be permitted to share equally with the other general creditors, but that they should be postponed in the collection of their claims against the corporation till all other creditors who had no notice of the financial condition of the corporation be paid in full. Any other rule would permit appellees, who are creditors, to profit notwithstanding their own wrong.

Section 9 of the very act under which this company was incorporated makes the directors liable for any intentional fraud in failing or refusing to comply substantially with the articles of incorporation. In the case of Stafford v. Cain (decided by the Superior Court in 1892), 13 Ky. Law Rep., 639, it was held

that the directors were personally liable for a debt contracted after the corporation had reached its limit of liability. The reason assigned by the court for that opinion was that the act of creating a debt in the name of the corporation after the limit had been reached was a fraud *per se* upon the creditors, and for which the statute provided.

The appellants Davis and Drake and Sandefur sought, in addition to postponement as to the debts due appellees as creditors, a personal judgment against the directors. To this they were entitled as against such as were directors when their debts were created.

Wherefore the judgment of the circuit court is reversed, and cause remanded for proceedings consistent herewith.